IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| JUAN HERRERA,<br><br>       Plaintiff,<br><br>v.<br><br>QBE SPECIALTY INSURANCE COMPANY,<br><br>       Defendant. | § § § § § § § § § § § § § § | Civil Action No. 3:13-cv-01206-O |

**ORDER**

Before the Court are Defendant's Partial Motion to Dismiss (ECF No. 4), filed March 28, 2013; Plaintiff's Response (ECF No. 8), filed April 16, 2013; and Defendant's Reply (ECF No. 11), filed April 30, 2013.  Having considered the motion, the record, and the applicable law, the Court finds that Defendant's motion should be and is hereby **GRANTED**.

**I.    FACTUAL AND PROCEDURAL BACKGROUND**

Plaintiff's home was allegedly damaged as a result of a severe windstorm on May 24, 2011. *See* Def.'s Notice Removal Ex. A-1 (Pl.'s Original Pet. 2), ECF No. 1.  After QBE Specialty Insurance Company ("QBE" or "Defendant") denied at least a portion of Plaintiff's claim, Plaintiff brought this action against Defendant in the 101st Judicial Court, Dallas County, Texas, alleging various causes of action, including violations of the Texas Insurance Code, breach of contract, violations of the Texas Deceptive Trade Practices Act, and breach of the common-law duty of good faith and fair dealing.  *See id.* at 7–12.  Defendant subsequently filed a Notice of Removal on March 21, 2013.  *See generally* Def.'s Notice Removal, ECF No. 1.  Defendant filed a Partial Motion to

Dismiss on March 28, 2013, Plaintiff filed a Response on April 16, 2013, and Defendant filed a Reply on April 30, 2013. *See generally* Def.'s Partial Mot. Dismiss, ECF No. 4; Pl.'s Resp., ECF No. 8; Def.'s Reply, ECF No. 11. Accordingly, Defendant's motion is ripe for consideration.

## II. LEGAL STANDARD

### A. Federal Rules of Civil Procedure 8(a) and 12(b)(6)

Federal Rule of Civil Procedure 8(a) requires a plaintiff's pleading to include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "[T]he pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). If a plaintiff fails to satisfy Rule 8(a), the defendant may file a motion to dismiss the plaintiff's claims under Federal Rule of Civil Procedure 12(b)(6) for "failure to state a claim upon which relief may be granted." Fed. R. Civ. P. 12(b)(6).

To defeat a motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 663 (citing *Twombly*, 550 U.S. at 556). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* (quoting *Twombly*, 550 U.S. at 556). "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.'" *Id.* (quoting *Twombly*, 550 U.S. at 557).

In reviewing a Rule 12(b)(6) motion, the Court must accept all well-pleaded facts in the complaint as true and view them in the light most favorable to the plaintiff. *Sonnier v. State Farm Mut. Auto. Ins. Co.*, 509 F.3d 673, 675 (5th Cir. 2007). The Court is not bound to accept legal conclusions as true, and only a complaint that states a plausible claim for relief survives a motion to dismiss. *Iqbal*, 129 S. Ct. at 1949-50. When there are well-pleaded factual allegations, the Court assumes their veracity and then determines whether they plausibly give rise to an entitlement to relief. *Id.* "Generally, a court ruling on a 12(b)(6) motion may rely on the complaint, its proper attachments, documents incorporated into the complaint by reference, and matters of which a court may take judicial notice." *Randall D. Wolcott, M.D., P.A. v. Sebelius*, 635 F.3d 757, 763 (5th Cir. 2011) (citations and internal quotation marks omitted). Likewise, a court may consider documents that a defendant attaches to a motion to dismiss if they are referred to in the plaintiff's complaint and are central to the plaintiff's claims. *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498-99 (5th Cir. 2000).

  **B.**  **Federal Rule of Civil Procedure 9(b)**

Rule 9 of the Federal Rules of Civil Procedure applies to both federal securities claims and state-law fraud claims. *Abrams v. Baker Hughes Inc.*, 292 F.3d 424, 430 (5th Cir. 2002). "In alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake. Malice, intent, knowledge, and other conditions of a person's mind may be alleged generally." Fed. R. Civ. P. 9(b). The Fifth Circuit has held that "[a]t a minimum, Rule 9(b) requires that a plaintiff set forth the 'who, what, when, where, and how of the alleged fraud.'" *United States ex rel. Thompson v. Columbia/HCA Healthcare Corp.*, 125 F.3d 899, 903 (5th Cir. 1997) (citing *Williams v. WMX Techs., Inc.*, 112 F.3d 175, 179 (5th Cir. 1997)). Likewise, pleading "fraud with

3

particularity requires a plaintiff to specify the statements contended to be fraudulent, identify the speaker, state when and where the statements were made, and explain why the statements were fraudulent." *Williams*, 112 F.3d at 177.

Where a plaintiff alleges both fraud and negligent misrepresentation, but fails to plead separate facts to establish each claim, the court may analyze the negligent misrepresentation claim under Rule 9(b). *See Lone Star Fund V (U.S.), LP v. Barclays Bank PLC*, 594 F.3d 383, 397 n.3 (5th Cir. 2010) (stating that Rule 9(b) applies where plaintiffs "have not urged a separate focus on the negligent misrepresentation claim such as when fraud and negligent misrepresentation are based on the same set of alleged facts"); *see also Marquez v. Fed. Nat'l Mortg. Ass'n*, No. 3:10-cv-02040-L, 2011 WL 3714623, at *7 (N.D. Tex. Aug. 23, 2011) (applying Rule 9(b) to negligent misrepresentation claim where plaintiff incorporated all factual allegations set forth in its petition into fraud and negligent misrepresentation claims and made no attempt to distinguish the facts applicable to each claim).

### III.  ANALYSIS

Defendant argues that all of Plaintiff's claims, excluding the breach of contract claim, lack the factual support to meet the heightened pleading requirement of fraud claims under Federal Rule of Civil Procedure 9(b). *See generally* Def.'s Partial Mot. Dismiss, ECF No. 4. In response, Plaintiff argues that he alleged sufficient facts to support his legal claims. *See generally* Pl.'s Resp., ECF No. 8. The Court finds that Plaintiff did not plead sufficient facts to meet the heightened pleading requirements of Federal Rule 9(b) because he did not sufficiently establish the identity of the person or persons who made false representations.

In order to meet the heightened pleading requirements of Rule 9(b), a plaintiff must establish the time, place, and contents of the false representation, as well as identify the person who made the representation, what made the representations false, and what was gained by the representation. *See Tedder v. USF&G Specialty Ins. Co.*, No. H-10-2676, 2011 WL 1806516 at *3, (S.D. Tex. May 11, 2011); *Patel v. Holiday Hospitality Franchising, Inc.*, 172 F. Supp. 2d 821, 824 (N.D. Tex. 2001). Further, "[a] plaintiff in a non-9(b) suit can sue now and discover later what his claim is, but a Rule 9(b) claimant must know what his claim is when he files it." *Mitchell Energy Corp. v. Martin*, 616 F. Supp. 924, 927 (S.D. Tex. 1985).

In his complaint, Plaintiff merely alleges that "Defendant and/or its agent improperly adjusted the Plaintiff's claim." *See* Def.'s Notice Removal Ex. A-1 (Pl.'s Original Pet. ¶ H), ECF No. 1. Plaintiff's vague identification is insufficient under Federal Rule 9(b). In a case where a defendant insurance company's alleged misrepresentation was at issue, the court found that the plaintiffs failed:

> to discuss the conduct and statements of the unidentified [insurance] agent who purportedly explained these [policy] documents . . . . Plaintiffs do not state the time, place, name of the agent, or content of the agent's purported fraudulent statements and misrepresentations as required by Rule 9(b) . . . . Without such information, [defendant] cannot "prepare an effective response and defense" to *all* of Plaintiffs' allegations.

*See Frith v. Guardian Life Ins. Co. of Am.*, 9 F. Supp. 2d 734, 743 (S.D. Tex. 1998) (citations omitted). Plaintiff in the present case fails to plead sufficient facts regarding the identity of the person who made the alleged fraudulent representations. The vague allegations do not provide Defendant with enough information to make an effective defense of the claims. Furthermore, since a plaintiff asserting a claim for fraud "must know what his claim is when he files it," Plaintiff's

vague assertions as to who specifically made the allegedly fraudulent adjustment are insufficient. *See Mitchell*, 616 F. Supp. at 927.

## IV.   CONCLUSION

Based on the foregoing, it is **ORDERED** that Defendant's Partial Motion to Dismiss (ECF No. 4) should be and is hereby **GRANTED**.

When a plaintiff's complaint fails to state a claim, the Court should generally grant the plaintiff at least one chance to amend the complaint under Rule 15(a) before dismissing the action with prejudice. *See Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 329 (5th Cir. 2002).  In his Response, Plaintiff requests permission to replead if Defendant's motion to dismiss is granted.  *See* Pl.'s Resp. 6, ECF No. 8.  Accordingly, the Court grants Plaintiff leave to file an amended complaint no later than thirty days from the date of this order.

**SO ORDERED** on this **8th day** of **July**, **2013.**

_____
Reed O'Connor
**UNITED STATES DISTRICT JUDGE**